## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-319 |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of certain other components of DOJ, including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), and the Office of Legislative Affairs (OLA). The Justice Management Division (JMD) is also a component of DOJ. OAG, ODAG, OLA, and JMD have possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

### Recusal FOIA

7.      On November 22, 2017, American Oversight submitted a FOIA request to DOJ seeking the following records from OAG and JMD:

> All records reflecting any analysis of government or legal-ethics
> issues or evaluating any recusal obligations (including a conclusion
> that recusal was not necessary) related to the Attorney General's
> participation in connection with any decision relating to any
> investigation or prosecution (or potential investigation or
> prosecution) of any issues raised in either of Congressman Robert
> Goodlatte's letters of July 27, 2017, and September 26, 2017,
> attached for your convenience.[1]

American Oversight sought all responsive records from July 27, 2017, through the date of the search.

8.    OIP has assigned the Recusal FOIA tracking number DOJ-2018-001094.

9.    JMD has assigned the Recusal FOIA tracking number 110380.

*Prosecutors FOIA*

10.    On November 22, 2017, American Oversight submitted a FOIA request to OIP seeking the following records from OAG, ODAG, and OLA:

> Records sufficient to identify all of the "senior federal prosecutors"
> who have been "directed" "to evaluate certain issues raised in
> [Congressman Robert Goodlatte's] letters," as indicated in the
> Department of Justice's November 13, 2017 response signed by
> Assistant Attorney General Stephen Boyd, attached for your
> convenience.[2]

American Oversight sought all responsive records from July 27, 2017, through the date of the search.

11.    OIP assigned the Prosecutors FOIA tracking number DOJ-2018-001097 for records in OAG.

---

[1] Congressman Goodlatte's letters were attached to the FOIA as submitted but are not separately attached to this complaint.
[2] Assistant Attorney General Boyd's letter was attached to the FOIA as submitted but is not separately attached to this complaint.

12.     OIP assigned the Prosecutors FOIA tracking number DOJ-2018-001145 for

records in ODAG.

13.     OIP assigned the Prosecutors FOIA tracking number DOJ-2018-001146 for

records in OLA.

*Guidance FOIA*

14.     On November 22, 2017, American Oversight submitted a FOIA request to OIP

seeking the following records from OAG and ODAG:

> All guidance or directives provided to the "senior federal
> prosecutors" who have been "directed" "to evaluate certain issues
> raised in [Congressman Robert Goodlatte's] letters," as indicated in
> the Department of Justice's November 13, 2017 response signed by
> Assistant Attorney General Stephen Boyd, attached for your
> convenience, regarding their performance of that task.[3]

American Oversight sought all responsive records from July 27, 2017, through the date of the

search.

15.     OIP assigned the Guidance FOIA tracking number DOJ-2018-001098 for records

in OAG.

16.     OIP assigned the Guidance FOIA tracking number DOJ-2018-001147 for records

in ODAG.

17.     On information and belief, OIP has consolidated its processing of the Recusal

FOIA, Prosecutors FOIA, and Guidance FOIA.

*Drafting FOIA*

18.     On November 22, 2017, American Oversight submitted a FOIA request to OIP

seeking the following records from OAG and OLA:

---

[3] Assistant Attorney General Boyd's letter was attached to the FOIA as submitted but is not
separately attached to this complaint.

> All records relating to the drafting of the November 13, 2017 letter
> signed by Assistant Attorney General Stephen Boyd, attached for
> your convenience, responding to the two letters from Congressman
> Robert Goodlatte dated July 27, 2017, and September 26, 2017, also
> attached.[4]

American Oversight sought all responsive records from July 27, 2017, through the date of the search.

19.     OIP assigned the Drafting FOIA tracking number DOJ-2018-001096 for records in OAG.

20.     OIP assigned the Drafting FOIA tracking number DOJ-2018-001144 for records in OLA.

*Exhaustion of Administrative Remedies*

21.     As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding the requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22.     Through the DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

---

[4] Congressman Goodlatte's letters and Assistant Attorney General Boyd's letter were attached to the FOIA as submitted but are not separately attached to this complaint.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

23.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     American Oversight properly requested records within the possession, custody, and control of DOJ.

25.     DOJ is an agency subject to FOIA, and its components OAG, ODAG, OLA and JMD must therefore make reasonable efforts to search for requested records.

26.     DOJ, through its components OAG, ODAG, OLA and JMD, has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

27.     DOJ's failure to conduct an adequate search for responsive records violates FOIA.

28.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.     American Oversight properly requested records within the possession, custody, and control of DOJ.

31.     DOJ is an agency subject to FOIA, and its components OAG, ODAG, OLA and JMD must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32.     DOJ, through its components OAG, ODAG, OLA and JMD, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

33.     DOJ, through its components OAG, ODAG, OLA and JMD, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

34.     DOJ's failure to provide all non-exempt responsive records violates FOIA.

35.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: February 12, 2018                            Respectfully submitted,

                                                    */s/ Cerissa Cafasso*
                                                    Cerissa Cafasso
                                                    D.C. Bar No. 1011003

                                                    */s/ Austin R. Evers*
                                                    Austin R. Evers
                                                    D.C. Bar No. 1006999

                                                    AMERICAN OVERSIGHT
                                                    1030 15th Street NW, B255
                                                    Washington, DC 20005
                                                    (202) 869-5244
                                                    cerissa.cafasso@americanoversight.org
                                                    austin.evers@americanoversight.org

                                                    *Counsel for Plaintiff*